**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| Chang Gilford, *doing business as* Advantage Real Estate Group Inc,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Kevin Campbell, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-00651-CDS-VCF<br><br>**REPORT AND RECOMMENDATION TO REMAND**<br><br>-And-<br><br>**ORDER**<br><br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND PETITION FOR REMOVAL (ECF NO. 1-1) |

　　　Pro se defendant Kevin Campbell filed an application to proceed in forma pauperis and a petition for removal. ECF Nos. 1 and 1-1. I have reviewed the petition for removal. ECF No. 1-1. I sua sponte determine that removal is improper. I recommend that this action be remanded. I deny the application to proceed in forma pauperis as moot. ECF No. 1.

**Discussion**

　　　Pursuant to 28 U.S.C. § 1455(b)(4), a district court shall examine a removal petition promptly. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not

be permitted, the court shall make an order for summary remand." *Id.* A defendant seeking to remove an action from state court must file a notice of removal with the federal court to which removal is sought. 28 U.S.C. § 1455(a). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, which is an issue it can raise at any time. FRCP 12(h)(3).

Campbell alleges that he has removed this case from state court, but he does not provide any information about the underlying state court case—such as the case number—or attach a copy of the complaint filed against him in state court. Given defendant's failure to attach the complaint to the removal papers, I cannot discern whether there is a basis for removal on the face of the complaint. The plaintiff in this action is a real estate company and it appears that the underlying state court case may be an eviction proceeding. Defendant Campbell (an individual) alleges in his petition for removal that this court has federal question jurisdiction because the corporate plaintiff brings claims against him for violating the Fair Housing Act. On its face, this allegation appears to be non-sensical, but reading his petition liberally, I believe that he may be trying to assert a counterclaim to allege that the corporate plaintiff violated the Fair Housing Act.

The law is clear that the grounds for removal cannot be based on the contents of a counterclaim (or a defense to a complaint) that raises federal questions. See *Vaden v. Discover Bank*, 556 U.S. 49, 60,

2

129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense. . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc*., 535 U.S. 826, 831, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002) ("A counterclaim . . . cannot serve as the basis for 'arising under' [federal] jurisdiction."); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Defendant has not properly established grounds for federal jurisdiction. Even under the liberal pleading standard, Campbell has failed to establish a basis for removal. I recommend that this case be remanded. Campbell will not be prejudiced because he can file an objection to this report and recommendation. I deny plaintiffs' application to proceed informa pauperis as moot.

ACCORDINGLY,

I RECOMMEND that that this action be REMANDED.

I ORDER that Campell's application to proceed in forma pauperis (ECF Nos. 1) is denied as moot.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2)

3

failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

    IT IS SO ORDERED AND RECOMMENDED.

    DATED this 23rd day of May 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE